UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI AFSHAR, d/b/a AGE REVERSAL UNITY, <br><br> Plaintiff, <br><br> v. <br><br> ABBVIE INC., et al., <br><br> Defendants. | No. 25 CV 9115 <br><br> Judge Georgia N. Alexakis |

## ORDER

Plaintiff Ali Afshar, who purports to sue in his individual capacity as well as in the capacity of an entity known as "Age Reversal Unity," brings this matter *pro se* against defendant AbbVie Inc., and other pharmaceutical manufacturers. [1] at 1. Before the Court is plaintiff's complaint [1] and application to proceed in forma pauperis ("IFP") [4]. Based on a review of plaintiff's IFP application [4], the Court finds under 28 U.S.C. § 1915(a) that plaintiff is unable to pay or give security for the civil filing fee. Accordingly, plaintiff's IFP application [4] is granted. However, for the reasons explained below, Age Reversal Unity must retain counsel or face dismissal from this case, and Afshar's complaint [1] may not proceed.

## STATEMENT

Plaintiff filed this complaint *pro se* (meaning, without counsel). Afshar, as an individual, may represent himself without counsel in federal court. But Age Reversal Unity, as an organization, may not represent itself in court; it must be represented by counsel. *See Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 924 (7th Cir. 2003). Accordingly, Age Reversal Unity must retain counsel by September 19, 2025. If counsel does not file an appearance on behalf of Age Reversal Unity by that date, Age Reversal Unity will be automatically dismissed from this matter.

Next, Afshar's complaint may not proceed at this time. The complaint does not satisfy Federal Rule of Civil Procedure 8(a), which requires, among other factors, "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, plaintiff must allege facts that "suggest a plausible claim for relief." *Shaw v. Kemper,* 52 F.4th 331, 333–34 (7th Cir. 2022) (citations omitted). While "[p]lausibilty is not an exacting standard" and the Court "liberally construe[s] … complaints … filed without the assistance of a lawyer," *id.* at 334 (cleaned up), the complaint's allegations remain insufficient. The complaint references the Sherman

Antitrust Act and the defendants' alleged "conspiracy to suppress clinical trials on aging." [1] at 1–2. This pleading is simply too barebones to satisfy Rule 8. *See Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1430 (7th Cir. 1993) (plaintiffs may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint").

Therefore, the Court dismisses Afshar's complaint [1] sua sponte but without prejudice. Because the dismissal is without prejudice, Afshar may elect to file an amended complaint with the Court that cures the identified deficiencies if he so chooses. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("[T]he norm remains affording a plaintiff at least one opportunity to amend his complaint."). The Court directs Afshar to file any such amended complaint on or before September 19, 2025. Failure to file an amended complaint by September 19, 2025, will result in dismissal of this action with prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff's IFP application [4] is granted. Age Reversal Unity must retain counsel by September 19, 2025, or face dismissal from this action. Afshar's complaint [1] is dismissed without prejudice. Afshar must file an amended complaint by September 19, 2025, or face dismissal of this action with prejudice.

_____
Georgia N. Alexakis
United States District Judge

Date: August 22, 2025