### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALI AFSHAR, d/b/a AGE REVERSAL UNITY,

        Plaintiff,

    v.

ABBVIE INC., et al.,

        Defendants.

No. 25 CV 9115

Judge Georgia N. Alexakis

## ORDER

Plaintiff Ali Afshar brings this matter *pro se* against four pharmaceutical manufacturers. [7] at 1. Before the Court is Afshar's amended complaint [7]. The Court may screen complaints to determine if they state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2). Because Afshar's amended complaint does not state a claim upon which relief may be granted, it is dismissed without prejudice.

## STATEMENT

As a preliminary matter, the Court previously advised Afshar that Age Reversal Unity, as an organization, may not represent itself in court; it must be represented by counsel. [6]; *see also Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 924 (7th Cir. 2003). It warned that Age Reversal Unity must retain counsel by September 19, 2025, or face automatic dismissal from this matter. Because counsel has not entered an appearance on behalf of Age Reversal Unity, and because Afshar has apparently dropped Age Reversal Unity as a plaintiff, *see* [7] at 1, it is dismissed from this matter.

Next, Afshar's amended complaint may not proceed at this time. In his amended complaint, Afshar alleges that the defendants engaged in an "unlawful conspiracy to suppress clinical research into treating aging as a disease" in order to "protect their multibillion-dollar markets for drugs that treat age-related diseases," in violation of § 1 of the Sherman Antitrust Act. [7] at 1; 15 U.S.C. § 1.

In order to state a claim under § 1 of the Sherman Act, a plaintiff must plead facts showing that: (1) the defendants entered into a contract, combination, or conspiracy; (2) the plaintiff suffered an accompanying antitrust injury; and (3) the contract, combination, or conspiracy resulted in an unreasonable restraint of trade in

the relevant market. *Omnicare, Inc. v. UnitedHealth Group, Inc.,* 629 F.3d 697, 705 (7th Cir. 2011) (citing *Denny's Marina, Inc. v. Renfro Prods., Inc.,* 8 F.3d 1217, 1220 (7th Cir. 1993)).

Here, Afshar alleges that the defendants have entered an "anticompetitive agreement to suppress market entry for anti-aging therapies, thereby protecting existing monopolies on chronic disease markets." [7] at 3. To plead the existence of an antitrust conspiracy, a plaintiff must allege facts showing that "the alleged conspirators 'had a conscious commitment to a common scheme designed to achieve an unlawful objective.'" *Omnicare,* 629 F.3d at 706. Alleging that the defendants took independent action that happened to have an anticompetitive effect is not enough. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553–54 (2007). After all, companies within a single industry often act in similar ways even though they have not coordinated. *Id.* at 554.

Afshar supports his allegation that defendants have entered an unlawful conspiracy with the below facts:

- None of the defendants have advanced large-scale clinical trials aimed at treating aging directly and have instead concentrated on "maintenance drugs" for age-related diseases. [7] at 2.
- Multiple industry reports note that large pharmaceutical companies avoid entering the longevity sector due to fear of cannibalizing existing revenue streams. *Id.* Afshar does not allege that these reports specifically identify the four defendants.
- Executives at industry conferences have "publicly dismissed aging research as 'not commercially viable,' despite contrary scientific evidence." *Id.* at 3. Again, Afshar does not allege that executives of these four defendants have engaged in this behavior.
- Trade groups like PhRMA (of which all defendants are members) coordinate lobbying against proposals to classify aging as an "indication" at the FDA. *Id.* Afshar does not explain the significance of this lobbying effort.
- Each defendant has refused to sponsor aging-focused trials, despite having the capacity to do so. *Id.*

Read most generously to Afshar, these contentions might support allegations that the defendants have each independently declined to pursue "aging-focused" drugs, just as the pharmaceutical industry as a whole has done. But the allegations do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly,* 550 U.S. at 556. What Afshar asserts here—a "bare assertion

of conspiracy" accompanied by a "conclusory allegation of agreement at some unidentified point"—is exactly the type of allegation that is inadequate to plead the existence of a conspiracy. *See id.* at 556–57.

Therefore, the Court dismisses Afshar's amended complaint [7] sua sponte but without prejudice. The Court does not reach the questions of whether Afshar has properly pled that he has (2) suffered an antitrust injury, and that (3) the conspiracy resulted in an unreasonable restraint of trade in the relevant market. *Omnicare,* 629 F.3d at 705. Because the dismissal is without prejudice, Afshar may elect to file a second amended complaint with the Court that cures the identified deficiencies if he so chooses. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("[T]he norm remains affording a plaintiff at least one opportunity to amend his complaint."). The Court directs Afshar to file any such amended complaint on or before October 17, 2025. Failure to file an amended complaint by October 17, 2025, will result in dismissal of this action with prejudice.

## CONCLUSION

For the reasons set forth above, Age Reversal Unity is dismissed from this action. Afshar's amended complaint [7] is dismissed without prejudice. Afshar must file a second amended complaint by October 17, 2025, or face dismissal of this action with prejudice.

Georgia N. Alexakis
United States District Judge

Date: September 22, 2025